**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARRELD D. LEWIS** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0435-GKF-JFJ** |
| | ) | |
| **DAVID ROGERS, Interim Warden,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION AND ORDER</u>

Petitioner Darreld D. Lewis ("Lewis"), an Oklahoma prisoner appearing through counsel, seeks federal habeas relief under 28 U.S.C. § 2254.  *See* Dkts. 2 and 10.  Respondent David Rogers, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, moves to dismiss the Petition, contending Lewis failed to file the Petition within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and, alternatively, Lewis fails to raise a cognizable federal habeas claim.  Dkts. 8 and 9.  The Court considered the Petition for Writ of Habeas Corpus ("Petition") (Dkt. 2), Respondent's Motion to Dismiss (Dkt. 8) and Brief in Support (Dkt. 9), Lewis's Response to the Motion to Dismiss (Dkt. 10), and applicable law.  For the reasons discussed below, the Court grants the Motion to Dismiss and dismisses the Petition.

### I.    Procedural Background

In March 1994, a Tulsa County jury found Lewis guilty of murder in the first degree (count 1), and three counts of assault and battery with a dangerous weapon (counts 2-4) in Tulsa County

---

[1]  Lewis is presently incarcerated at the Red Rock Correctional Center in Lawton, Oklahoma, and David Rogers is the Interim Warden of that facility.  The Court therefore substitutes David Rogers, Interim Warden, in place of Richard Williams as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.  The Clerk of Court shall note on the record this substitution.

District Court Case No. CF-1993-4377.  Dkt. 9-3.  The trial court sentenced Lewis to life imprisonment on count 1 and a term of ten years' imprisonment each on counts 2 through 4, ordering all sentences to be served consecutively.  Dkt. 9-4.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Lewis's convictions and sentences in March 1996.  Dkt. 9-10.  Lewis filed an application for post-conviction relief in April 1999.  Dkt. 9-11.  The state district court denied the application for post-conviction relief in June 1999, and the OCCA affirmed the state district court's denial of the application for post-conviction relief in November 1999.  Dkts. 9-13 and 9-20.

On February 19, 2021, and October 16, 2024, Governor J. Kevin Stitt ordered that Lewis be paroled on count 1 and count 2, respectively.  Dkt. 9-21.[2]  Thereafter, on October 22, 2024, Lewis filed a pro se motion for concurrent sentences pursuant to Okla. Stat. tit. 22, § 976.[3]  Dkt. 9-23.  The state district court denied the motion by minute order on October 30, 2024.  Dkt. 9-24 at 12.[4,5]  Next, through counsel, Lewis filed an amended motion for concurrent sentences or, in the

---

[2]  Counsel represented Lewis is currently serving the term of imprisonment for count 4.  *See* Dkt. 2-1 at 18 ("To date, Mr. Lewis has discharged Counts 1, 2, and 3.  He is currently serving Count 4.").  However, the Court takes judicial notice that the Oklahoma Department of Corrections' ("ODOC") records indicate Lewis is currently serving a ten-year sentence for count 3 which commenced October 17, 2024, and, beginning August 3, 2032, Lewis will begin serving his ten-year sentence for count 4.  *See* https://okoffender.doc.ok.gov (searching under Lewis's prisoner identification number, #225086); *see also Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. 2010) (Taking judicial notice of a § 2254 petitioner's sentence from ODOC's website pursuant to Fed. R. Evid. 201).

[3]  "If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses. Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence."  Okla. Stat. tit. 22, § 976.

[4]  Lewis contends he did not receive notice of this ruling.  Dkt. 2 at 9.

[5]  The Court's citations refer to the CM/ECF header pagination.

2

alternative, motion to reconsider. Dkt. 9-25. Lewis sought to have his remaining sentences modified to concurrent sentences "pursuant to 22 O.S. § 976 and *Moss v. Okla. Dep't of Corr.*, 2016 OK CR 23[.]" *Id.* at 1. The district court denied Lewis's motion finding it did not have jurisdiction to grant the requested relief. Dkt. 9-27.

Next, Lewis filed a May 13, 2025 petition for writ of mandamus with the OCCA which was dismissed, on June 6, 2025, for lack of jurisdiction based on Lewis's failure to provide the State with notice. *See* Dkts. 9-28 and 9-29. Lewis filed a second petition for writ of mandamus with the OCCA, on June 18, 2025. Dkt. 9-30. Lewis advanced his contention that the "at all times" language found in Okla. Stat. tit. 22, § 976 permits a convicted defendant to seek a concurrent sentence at any time without the consent of the prosecution and outside the Post-Conviction Procedure Act. *See id.* at 3-4. Therefore, Lewis reasoned the district court's denial of his motion due to lack of jurisdiction was misplaced. *Id.* The OCCA dismissed the second petition for writ of mandamus for lack of jurisdiction based on its finding that the petition was untimely pursuant to the *Rules of the Oklahoma Court of Criminal Appeals*. Dkt. 9-31.[6]

## II.    Lewis's Habeas Petition

After Lewis's state court efforts were unsuccessful, Lewis turned to this Court. Lewis alleges he is seeking relief pursuant to 28 U.S.C § 2254. *See* Dkt. 2; *see also* Dkt. 10 at 6.[7] Lewis

---

[6] The OCCA noted that Rule 10.1(C) of the *Rules of the Oklahoma Court of Criminal Appeals* requires requests for extraordinary relief to be filed within thirty (30) days from the filing date of the trial court order being appealed. Dkt. 9-31 at 2. The OCCA then held Lewis's time to seek extraordinary relief ran from the October 30, 2024 order denying the pro se motion for concurrent sentences. *Id.* Therefore, the June 18, 2025 petition for writ of mandamus was untimely. *Id.*

[7] Because Lewis has habeas counsel, Lewis's "filings are not entitled to 'the mandated liberal construction afforded to pro se pleadings.'" *Rawle v. Wyo. Dep't of Corr. State Penitentiary Warden*, 390 F. App'x 769, 773 n.4 (10th Cir. 2010) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

advances the following grounds for relief:  i) "Absence of Statutory Time Bar After Exhaustion of Remedies;" ii) "Arbitrary and Discriminatory Enforcement of a State-Created Remedy;" and iii) Federal Due Process Violation in Denial of Access to State Remedy[.]" Dkt. 2 at 5-10.  Respondent contends Lewis's Petition is untimely and, in the alternative, it fails to raise a cognizable habeas claim.  Dkts. 8 and 9.

### III.    Analysis

A federal court has discretion to grant federal habeas relief to a prisoner who is in state custody pursuant to a final criminal judgment if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").  But the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and as interpreted by the United States Supreme Court, significantly limit a federal court's discretion to grant habeas relief to a state prisoner.  Assuming without deciding Lewis's Petition is timely, the Court addresses Respondent's contention that Lewis has failed to raise a cognizable habeas claim.

Respondent contends "challenges to state post-conviction proceedings or erroneous applications of state law are not constitutional claims."  Dkt. 9 at 30.  Respondent's position is that Lewis is merely challenging Oklahoma post-conviction procedures and, therefore, "states no cognizable federal habeas claim."  *Id.* at 32.  Lewis responds he is not challenging Oklahoma's Post-Conviction Procedure Act because Okla. Stat. tit. 22, § 976 is a stand-alone, "substantive sentencing statute."  Dkt. 10 at 8-9.  Therefore, Lewis believes Respondent's argument is misplaced and his challenge to "the arbitrary denial of a state-created liberty interest" is cognizable.  *Id.* at 9.

Both parties make fair points, and, for the following reasons, the Court finds that Lewis's arguments could be construed as (1) asserting noncognizable state law errors or (2) asserting a Fourteenth Amendment due process claim. The Court further finds, under either construction, that the Petition shall be dismissed.

### A. Lewis's Petition Raises Noncognizable State Law Errors

Habeas relief is available for a violation of the federal constitution, but not for a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And a "habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017); *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997) ("Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.") (cited in *Leatherwood*, 861 F.3d at 1043). Accordingly, to the extent Lewis complains that the state courts have refused to apply a state law that, he contends, permits modification of his consecutive sentences, he raises an issue of state law that does not involve the denial of a constitutional right. *See Ballard v. Franklin*, 463 F. App'x 732, 734–35 (10th Cir. 2011)[8] (citing *Harris v. Dep't of Corrs.*, 426 F. Supp. 350, 352 (W.D. Okla. 1977) ("Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions.")); *see also Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue as to whether the petitioner was serving concurrent or consecutive sentences was an issue of state law that did not raise a federal issue cognizable for federal habeas corpus relief).

---

[8] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

It does not appear that the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has considered the precise circumstances presented here. However, the Tenth Circuit has considered challenges arising under Okla. Stat. tit. 22, § 976 within the habeas context. And the Tenth Circuit consistently holds that § 976 is a matter of state law not cognizable in the habeas context. *See, e.g., Showalter v. Addison,* 458 F. App'x 722, 726 (10th Cir. 2012) (denying a certificate of appealability to a habeas petitioner challenging the state court's imposition of consecutive sentences and noting "habeas is not the appropriate vehicle to challenge matters of pure state law."); *see also Amey v. Patton,* 606 F. App'x 924, 929 (10th Cir. 2015) (denying a certificate of appealability to a habeas petitioner challenging the OCCA's refusal to modify his sentences to concurrent sentences and observing, "Oklahoma law authorizes consecutive sentences, *see* 22 O.S. § 976. Th[is] bed rock proposition[] [is] not subject to debate.").

One sister court has considered a nearly identical claim to the one presented here. *See Shirley v. Walkley,* Case No. CIV-19-190-HE, 2019 WL 2453688 (W.D. Okla. May 6, 2019) (unpublished), *report and recommendation adopted* 2019 WL 2453670 (W.D. Okla. June 12, 2019). In *Shirley,* two years after being sentenced to consecutive sentences, the petitioner moved, in state district court, for concurrent sentences. *Id.* at *1. The state district court denied the motion to modify sentences,[9] and the OCCA affirmed that decision. *Id.* In his § 2241 habeas petition, the petitioner claimed,

---

[9] Like Lewis, the defendant in *Shirley* moved for concurrent sentences pursuant to Okla. Stat. tit. 22, § 976 and *Moss v. Okla. Dep't of Corr.*, 2016 OK CR 23. Order, *Shirley v. Walkley,* Case No. 19-CV-190-HE (W.D. Okla. Feb. 27, 2019), Dkt. 1-2. The district court concluded it "disagrees with Defendant's reading of the authority which he believes carves out the ability of the Court to change a sentence long after the original sentencing. Despite Defendant's contention, his request is a request for a sentence modification and Defendant is not eligible for the modification. The authority presented is distinguishable based upon when a sentence is entered. In this case, there is no revocation or 'new' sentence being imposed – only a request[] to change or modify a sentence handed down over two and one-half years ago." *Id.*

the state district court and OCCA incorrectly interpreted Oklahoma law and improperly denied his motion for concurrent sentences because the "trial court had jurisdiction under the law to impose concurrent sentences." [Petitioner] assert[ed] the court's denial of his "State Created Statutory right to seek concurrent sentences" violated his due process and equal protection rights.

*Id.* The district court concluded § 2241 was not the appropriate vehicle for relief and declined to construe the petition under § 2254 because the petitioner's "sole claim appear[ed] to present only a matter of state sentencing law, not cognizable in a habeas action." *Id.* at *2 (citing *Showalter,* 457 F. App'x at 726, and *Amey*, 606 F. App'x at 929); *see also Seely v. McCollum*, Case No. 16-CV-583-CVE-FHM, 2016 WL 7971213, at *2 (N.D. Okla. Oct. 4, 2016) (unpublished) ("Petitioner's challenges to the state courts' refusal to modify his sentences to run concurrently concern matters of state law and do not rise to the level of a constitutional violation.").

Here, Lewis challenges the state courts' adjudication of his motion for concurrent sentences arguing Okla. Stat. tit. 22, § 976 mandates a different manner of adjudication (on the merits instead of applying an alleged, improper procedural bar). Dkt. 2 at 1 ("[S]tate courts have refused to consider Mr. Lewis's statutory right to have the sentencing court exercise its ongoing discretion under Okla. Stat. tit. 22, § 976, instead applying procedural barriers not found in statute or precedent."). Lewis does not challenge the initial imposition of consecutive sentences. Dkt. 10 at 5 ("[T]he Petition does not challenge Petitioner's convictions, original sentence, trial proceedings, or prior appeals."). Nevertheless, while Lewis's present claim differs from *Showalter* and *Amey*, the underlying principles hold. Matters relating to sentencing are governed by state law and do not raise federal constitutional questions. *Harris,* 426 F. Supp. at 354 (quoted with approval by *Ballard*, 463 F. App'x at 735). Distilled, Lewis's claim can be reasonably understood as a state law claim challenging the state courts' interpretation and application of a state sentencing statute.

Because habeas relief cannot be afforded for such a claim, the Court finds the Petition should be dismissed, in part, for failure to state a cognizable habeas claim.

### B. Alternatively, Lewis states a Fourteenth Amendment Due Process Claim

The Petition can also reasonably be understood as alleging a violation of the Fourteenth Amendment. Lewis alleges, "Section 976 confers a substantive right to have a sentencing court *consider and exercise its discretion* on the concurrency 'at all times.' By foreclosing relief on procedural grounds unsupported by statute or precedent, the state courts denied Petitioner that liberty interest without due process of law." Dkt. 2 at 8-9 (emphasis in original); *see also* Dkt. 10 at 9 ("This Petition challenges the arbitrary denial of a state-created liberty interest[.]").

In *Graham v. White*, the Tenth Circuit held that a challenge to a state district court's reinstatement of previously vacated convictions and sentences during post-conviction proceedings was cognizable on habeas review. *See Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024). In rejecting the State's position that the petitioner failed to state a cognizable claim, the Tenth Circuit explained:

> Habeas relief is available for a violation of the federal constitution, but not for a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The State points out that Ms. Graham alleges a misapplication of Oklahoma law. If Ms. Graham had stopped there, her claim wouldn't support habeas relief. **But Ms. Graham also alleges a denial of due process from the misapplication of state law. These allegations involve a violation of not only state law but also the federal constitution.**
>
> Granted, the theories involving state law and the federal constitution are intertwined. But "in rare circumstances, a determination of state law can be so arbitrary or capricious as to constitute an independent due process violation." *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (alterations and quotation marks omitted) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).
>
> Ms. Graham not only labels her claim as constitutional, but also alleges that it was arbitrary for the state court to jettison the initial order (vacating the convictions). Though this allegation turns on an antecedent question of state law, an arbitrary

application of state law could impinge on the right to due process.  *See id.*  **So the claim isn't confined to a violation of state law.**

*Graham,* 101 F. 4th at 1204-05 (emphases added).   Respondent contends *Graham* is distinguishable from the case at bar because *Graham* involved the reinstatement of a conviction whereas Lewis "is truly challenging state post-conviction procedures by pointing to perceived errors by the state district court and the OCCA in denying him sentencing relief and/or barring his claims." Dkt. 9 at 25-26, n. 7.

The Court disagrees with Respondent.  Lewis does allege a misapplication of Oklahoma law.  *See* Dkt. 2 at 6-8.  However, Lewis also alleges a denial of due process from the misapplication of state law.  *See, e.g., id.* at 8 ("Oklahoma has created such a [statutory] remedy in § 976, and the OCCA's refusal to allow Petitioner to access it – on a procedural ground not found in any statute or precedent – is the kind of arbitrary withholding that the Supreme Court has repeatedly held violates due process.").  Therefore, alternatively, the Court concludes Lewis alleged a cognizable habeas claim:  a Fourteenth Amendment due process violation.

Nevertheless, even if the Court applies *Graham's* rationale to construe Lewis's Petition as asserting either a procedural due process claim or a substantive due process claim (or both), the Petition is subject to dismissal because Lewis did not present any federal due process claim to the OCCA.[10]  "A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006); *see* 28 U.S.C. § 2254(b)(1)(A).  "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in

---

[10] "*Sua sponte* consideration of exhaustion of state remedies … is explicitly permitted by Supreme Court precedent." *United States v. Mitchell*, 518 F. 3d 740, 746 n.8 (10th Cir. 2008) (citing *Granberry v. Greer,* 482 U.S. 129, 133 (1987)).

state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland*, 459 F.3d at 1011). "[T]o be fairly presented, the state-court claim must be the 'substantial equivalent' of its federal habeas counterpart." *Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). "To satisfy exhaustion, then, the habeas petition's focus—as well as the alleged error that it identifies—cannot depart significantly from what the petitioner had presented to the state court." *Grant*, 886 F.3d at 891. "[T]he crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (citing *Picard*, 404 U.S. at 278). Generally, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland*, 459 F.3d at 1012; *see* 28 U.S.C. § 2254(b)(1)(A).

It is clear from the face of the Petition Lewis never presented the instant Fourteenth Amendment claim to the OCCA. In his petition for writ of mandamus, Lewis presented the following issue:

> Whether the District Court erred as a matter of law in finding it lacked jurisdiction to consider a motion under 22 O.S. § 976 and in failing to exercise its statutory discretion to consider concurrent sentencing for a juvenile offender whose original sentence was imposed nearly three decades ago.

Dkt. 2-1 at 3. Significantly, Lewis's petition for writ of mandamus implicitly acknowledged he was not raising a constitutional error. Lewis stated:

> Both *Higgins v. Branam* and *Moss v. Department of Corrections* make clear that a sentencing judge retains discretion "at all times" to enter a sentence concurrent with any other sentence. This discretion exists independently of the Post-Conviction Procedure Act **and does not require a finding of constitutional error** or prosecutorial consent.

*Id.* at 6-7 (emphasis added).

Therefore, Lewis did not fairly present a due process claim to the state court. The current claim departs significantly from his motions for concurrent sentence (Dkt. 2-1 at 9-10, 17-22) and petition for writ of mandamus (*Id.* at 3), and the state courts have not had a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [the due process] claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Accordingly, the Court finds the Petition should be dismissed, in part, for failure to exhaust the Fourteenth Amendment due process claim.[11]

### IV.    Conclusion

The Court finds and concludes Lewis cannot obtain federal habeas relief under 28 U.S.C. § 2254 because he does not state a cognizable claim for habeas relief and, to the extent the Court construes the Petition as asserting a cognizable due process claim, he failed to exhaust available state remedies as to that federal claim. The Court therefore grants the Motion to Dismiss and dismisses the Petition. The Court further concludes no certificate of appealability shall issue because no reasonable jurists would debate this Court's determination that Lewis either does not present any cognizable habeas claims or did not fairly present any federal due process claim to any state court before filing the Petition. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 8) is **granted**; the Petition (Dkt. 2) is **dismissed**; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

---

[11]   Respondent also moves to dismiss Lewis's claim as barred by the applicable statute of limitations. Dkt. 9 at 18-30. Because the Court determines the Petition fails to state a cognizable claim or, alternatively, the due process claim is unexhausted, it does not address the merits of Respondent's timeliness argument.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of David Rogers, Interim Warden, in place of Richard Williams as party Respondent.

**DATED** this 12th day of May, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE